# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LILIAN PINO ; RADHI ELBUSAFI ; KEVIN VELAZQUEZ ; SEBASTIAN RONSANO<br><br>*Plaintiffs*<br><br>Vs.<br><br>UBER TECHNOLOGIES INC; UBER PUERTO RICO, LLC; RAISER LLC a/k/a RASIER LLC; LIBERTY MUTUAL INSURANCE COMPANY; COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO; JONATHAN MANUEL RIVERA COPPIN; CORPORATION ABC; INSURANCE COMPANY XYZ; JOHN DOE, JANE ROE<br><br>*Defendants* | CIVIL NO.<br><br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

## **COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs, through the undersigned counsel, and pursuant to this Honorable Court, respectfully **STATE, ALLEGE** and **PRAY:**

### I. JURISDICTION

1. This Honorable Court has jurisdiction under 28 U.S.C. Sec. 1332, as all parties in either side of this litigation are of diverse citizenship and the amount in controversy exceeds $75,000.00. This negligence action stems from a vehicular collision, and arise under Puerto Rico Civil Code, Articles 1536 and 1537, P.R. Laws ANN. tit. 31, §§ 10801, 10802, (2022) and pursuant to any contractual obligations. Venue is proper under 28 U.S.C. Sec. 1391 (b).

1

## II. THE PARTIES

2.     Plaintiff, **LILIAN PINO**, hereinafter "Mrs. Pino" and/or "Plaintiff No. 1", is of legal age, single, and resident of Miami, Florida, suffered the damages alleged herein and for which compensation is sought. For purposes of this complaint Mrs. Pino physical and mailing address is: *2263 SW 37 Ave. Apt. 432. Miami, Florida 33145,* and Plaintiff's telephone number is: (786) 333-2333.

3.     Plaintiff, **RADHI ELBUSAFI** hereinafter "Mr. Elbusafi" and/or "Plaintiff No. 2", is of legal age, single, and resident of Miami, Florida, suffered the damages alleged herein and for which compensation is sought. For purposes of this complaint Mr. Elbusafi's physical and mailing address is: *7230 Fairway Dr. Apt F1 Miami, FL 33014*, and his telephone number is: (305) 343-6773.

4.     Plaintiff **KEVIN VELAZQUEZ** hereinafter "Mr. Velazquez" and/or "Plaintiff No. 3", is of legal age, single, and resident of Danie, Florida, suffered the damages alleged herein and for which compensation is sought. For purposes of this complaint Mr. Velazquez physical and mailing address is: *14621 Vista Verdi Rd. Davie, FL 33325*, and his telephone number is: (786) 298-0394.

5.     Plaintiff **SEBASTIAN RONSANO** hereinafter "Mr. Ronsano" and/or "Plaintiff No. 4", is of legal age, single, and resident of Hialeah, Florida, suffered the damages alleged herein and for which compensation is sought. For purposes of this complaint, Mr. Ronsano's physical and mailing address is: *9040 NW 150th TER Hieleah, FL 33018*, and his telephone number is: (786) 445-8802.

6.     Co-Defendant **UBER TECHNOLOGIES INC, d/b/a UBER PUERTO RICO LLC**, hereinafter "UBER" and or "Co-Defendant No. 1", is a foreign company incorporated under the Laws of the State of Delaware, who happens to be the parent company of

**RAISER LLC a.k.a RASIER LLC, UBER PUERTO RICO, LLC**, at the relevant times herein, with its registered office in the State of Delaware is 160 Greentree Dr., Ste 101, Dover, Delaware, County of Kent, 19904.

7.     Defendant **UBER PUERTO RICO, LLC, d/b/a UBER,** hereinafter "UBER" and/or "Defendant No. 2", is a domestic limited liability company with Registration Number: 372672 duly authorized to conduct business in the Commonwealth of Puerto Rico. For the purposes of this complaint, UBER's resident agent is CT Corporation System and the company's authorized person is Mr. Miguel E. Carbonell. The Department of State records shows that UBER's physical address and mailing address are, respectively: *321 San Francisco Street, 4th Floor San Juan, Puerto Rico 00901* and *PO Box 70294, San Juan, Puerto Rico 00936-8294*.

8.     Co-Defendant **RAISER LLC**, **a.k.a RASIER LLC,** hereinafter "Raiser" and/or "Co-Defendant No. 3, is a limited liability company organized in conformity to the Laws of the State of California, that happens to be a wholly owned subsidiary of Uber who operates the payment process for Uber drivers and who is believed to handle all claims against Uber. For purposes of this complaint, Raiser physical and mailing address is: *1455 Market St, San Francisco, California 94103*.

9.     Co-defendant, **LIBERTY MUTUAL INSURANCE COMPANY and/or LIBERTY MUTUAL GROUP INC.**, hereinafter "Liberty Mutual" and/or "Co-Defendant No. 4, is an insurance carrier organized under the laws of the Commonwealth of Massachusetts with physical and mailing address *175 Berkeley Street, Boston Massachusetts 02116*, and duly Authorized to conduct business in the Commonwealth of Puerto Rico with registration No. 155, that, at all relevant times herein, had in force and effect an insurance policy covering the legal liability of Co-Defendants **UBER and MR. RIVERA COPPIN** for the events claimed herein. For purposes of this complaint Liberty

3

Mutual's physical and mailing address in Puerto Rico is: *A4 Reparto Mendoza Humacao, Puerto Rico, 00791*.

10. Co-defendant, **JONATHAN MANUEL RIVERA COPPIN**, hereinafter "Mr. Rivera-Coppin" and/or "Co-Defendant No. 5", is of legal age, believed to be single, and resident of San Juan, Puerto Rico. He is an individual and Uber driver who was operating the vehicle at the time the accident herein alleged took place. For purposes of this complaint, Mr. Rivera-Coppin's physical and mailing addresses are: *BDA, Hernandez 13 Calle Gregorio Hernández San Juan, Puerto Rico 00924*. For purposes of this complaint, his phone number is: (787) 513-7467.

11. Co-defendant, **COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO**, hereinafter "Seguros Multiples" and/or "Co-Defendant No. 6", is an insurance carrier organized under the laws of the Commonwealth of Puerto Rico, that, at all relevant times herein, had in force and effect an insurance policy covering the legal liability of Co-Defendant No. 6, Mr. RiveraCoppin, for the events here claimed. For purposes of these legal proceedings, Seguros Multiples' physical and mailing addresses are, respectively: *Calle Nevares Número 38, San Juan, Puerto Rico 00927; PO Box 363846 San Juan, Puerto Rico, 00936-3846*.

12. Codefendant, **INSURANCE COMPANY B**, is an insurance carrier presumed to be organized under the laws of Puerto Rico, that, at all relevant times herein, had in force and effect an insurance policy covering the legal liability of codefendants **UBER, RAISER, and MR. RIVERA COPPIN** for the events here claimed.

13. Defendants, **JOHN FOE** and **JANE ROE** are any individuals, legal entities, private or governmental agencies, municipalities or entities that may be liable to the plaintiff here or were otherwise responsible to the facts that are reported herein and are

4

called at this time by fictitious names ignored the real, which shall be notified as soon identified.

## III. THE FACTS

14. The present case involves a vehicular collision at the Roberto H. Todd Avenue in San Juan, Puerto Rico. In July 2022, Mrs. Pino, Mr. Elbusafi, Mr. Velazquez, and Mr. Ronsano, hereinafter collectively "Plaintiffs", were visiting Puerto Rico for the Independence Day festivities. On July 4, 2022, on or around 10:00PM, Mr. Velazquez used the Uber application through his mobile device to order a vehicle a ride for him and his friends from the Distrito T-Mobile Center to Night Club District located in San Juan, Puerto Rico.

15. Some minutes later, Co-Defendant No. 5 Mr. Rivera-Coppin arrived at the Distrito T-Mobile's designated pick-up and drop-off zone driving his Toyota SUV, model Highlander, year 2021, license plate No. JSY-515. Plaintiffs, Mrs. Pino, Mr. Elbusafi, Mr. Ronsano and Mr. Velazquez boarded the vehicle as passengers.

16. En route to the destination point, Mr. Rivera-Coppin with all Plaintiffs as passengers, drove from North to South through Robert H. Todd Avenue and was approaching the Corchado Street intersection. Driver Mr. Rivera Coppin, in clear disregard of his passengers' safety, abruptly took a right-hand turn from the left lane negligently, invading the right-of-way of vehicles traveling in the same direction through right-hand lane. The negligent maneuver employed by Mr. Rivera-Coppin (despite Mr. Velazquez warning about incoming vehicles) caused the impact with another vehicle which impacted Co-Defendant's car on the rear lateral side all the way to the front.

17. The main cause of the accident was Mr. Rivera-Coppin's, negligence who failed to maintain a reasonable space between lanes and take the precautionary measures before exchanging lanes as prescribed under Puerto Rico law.

18. The negligence in not taking the proper measures as to safeguard a reasonable distance between lanes in order to avoid colliding with other cars rests exclusively on the Co-Defendant's behalf; therefore, the accident is solely his responsibility.

19. As a result of the vehicular collision, Plaintiffs Mrs. Pino, Mr. Elbusafi, Mr. Velazquez, and Mr. Ronsano, suffered immediate and severe body injuries and trauma to different parts of their bodies. Although Plaintiffs were experiencing extreme pain and discomfort caused by the accident, they decided it was best to receive medical treatment back home for fear of missing their flight, which was scheduled for the next morning.

### Plaintiff No. 1, Mrs. Pino:

20. In the wake of the impact, Mrs. Pino, a 41-year-old female, suffered traumas to her cervical and dorsal junction pain with left upper trapezium numbness. Considering this event, Plaintiff incurred in necessary medical treatments and undergo numerous vigorous medical examinations such as physical therapy, x-rays, MRI as well; thus, causing her anxiety and unnecessary stress due to the uncertainty of her health at such age.

21. According to Mrs. Pino's latest medical impressions and diagnosis, her medical conditions comprise the following: (i) acceleration/deceleration injury; (ii) chronic musculoligamentous sprain/strain to the cervical and dorsolumbar spine; (iii) facetogenic arthropathy to the cervical spine; (iv) lumbar disc herniation at L4-L5 and L5-S1 with annular tear and thecal sac impingement; and (v) chronic cervicalgia and lumbalgia secondary to acceleration/deceleration injury.

22. Specifically, Mrs. Pino's anatomic lumbar spine shows a disc desiccation at the L4-5 and L5-S1 levels. At the L4-5, she has a posterior central disc protrusion/herniation with an annular tear and flattening of the ventral thecal sac. As for

6

the L5-S1, she has a posterior central dis protrusion/herniation with an annular tear, and mild thecal sac impingement.

23. As a direct and proximate result of Co-Defendants negligence Mrs. Pino has sustained and will continue to sustain severe physical damages, loss of consortium, emotional distress, and consequential damages. Due to the above-mentioned physical x-ray and MRI findings, and pursuant to the AMA Guidelines Pertaining to Permanent Physical Impairment, that were used by her physician, Mrs. Pino is diagnosed with a 9%-10% permanent body function impairment.

24. The July 4th, 2022, accident on has substantially affected Mrs. Pino's quality of life, because she is unable to complete her daily tasks like she could prior to this incident due to continuous acute pain in her back.

25. As a result of the accident, Mrs. Pino was forced to take a leave from her current employment due to her medical condition and ongoing therapeutic treatment. Causing her a direct monetary loss of her monthly income of approximately $16,000.00. As to this day, Mrs. Pino's medical bills accrue to an outstanding amount of $11,050.00.

26. In accordance with the aforementioned facts, Mrs. Pino is entitled to compensatory relief according to proof, and to a declaratory judgment that Co-Defendants are liable for breach of Mr. Rivera-Coppin's duty to the Plaintiff, caused by his own negligence while operating a motor vehicle as established pursuant to Puerto Rico law, for the amount of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00), in addition to medical expenses, loss of income and attorney's fees.

### Plaintiff No. 2, Mr. Albusafi:

27. In the wake of the impact, Mr. Elbusafi, a 43-year-old male, suffered traumas to his cervical and lumbosacral spine and contusion and sprain to his left hand and wrist. In light of this event, Plaintiff incurred in necessary medical treatments and

undergo numerous vigorous medical examinations such as physical therapy, x-rays, and MRI of the lumbar spice as well as of his left hand. thus, causing him anxiety and unnecessary stress due to the uncertainty of his health as a result of the accident caused by Mr. Rivera-Coppin.

28. According to Dr. Schmer, Mr. Elbusafi's final medical impressions and diagnosis, comprise the following: (i) acceleration/deceleration injury; (ii) chronic musculoligamentous sprain/strain to the cervical and lumbosacral spine; (iii) Lumbar disc herniation at L4-L5 with an annular tear; (iv) Lumbar disc bulding at L5-S1 with an annular tear causing thecal sac impigngement; (v) Chronic contusion and sprain of the first metatarsophalangeal joint and; (vi) Chronic facetogenic arthropathy to the cervical spine; (vii) left hand sprain/strain and contusion.

29. As a direct and proximate result of Co-Defendants negligence, Plaintiff No. 2 has sustained and will continue to sustain severe physical pain, loss of consortium, emotional distress, and consequential damages.

30. Due to the above-mentioned physical x-ray and MRI findings, and pursuant to the AMA Guidelines Pertaining to Permanent Physical Impairment, that were used by Mr. Elbusafi's physician, Plaintiff is diagnosed with a 10% permanent impairment to the body functions as a whole.

31. Mr. Elbusafi's has been adviced to continue with the medical applications as well as pharmaceuticals to remedy the acute pain and discomfort as a result of the accident sustained on July 4th, 2022. In addition, Mr. Elbusafi has been instructed to continue with physical medicine and rehabilitative treatment and to continue chiropractic treatment with Dr Andre J. Schmer. As to this day, Plaintiff's medical bills have accumulated an outstanding amount of $16,205.27.

32. Accordingly, Mr. Elbusafi is entitled to compensatory relief according to proof, and to a declaratory judgment that Co-Defendants are liable for Mr. Rivera-Coppin's breach of his duty to Plaintiff, caused by his own negligence and clear disregard of his passengers while operating a motor vehicle in contravention of Puerto Rico law for the amount of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00), in addition to medical and attorney's fees.

### Plaintiff No. 3, Mr. Velazquez:

33. As a result of the accident, Mr. Velazquez, a 43-year-old male, suffered severe traumas his lower back and neck pain with right upper extremity radiculospathy as a direct result of the motor vehicle accident on July 4th, 2022.

34. As a direct result, Plaintiff No. 3 incurred in necessary medical treatment at the Hialeah Wellness & Rehabilitation Center and undergo numerous vigorous medical examinations such as physical therapy, x-rays, and MRI of the lumbar spine as well as the cervical spine.

35. Needless to say, all of these events have caused Mr. Velazquez severe anxiety and unnecessary stress due to the uncertainty of his health and his impediment to enjoy life as he used to prior to the accident sustained while his stay at Puerto Rico.

36. From Mr. Velazquez's medical records, it appears that his medical condition after the accident comprises the following: (i) Acceleration/deceleration injury; (ii) Chronic musculoligamentous sprain/strain to the cervical and lumbosacral spine; (iii) Multilevel disc bulging to the lumbar spine at L3-L4, L4-L5 and L5-S1; (iv) Multilevel disc herniations to the cervical spine at C3-C4, C4-C5, and C5-C6 with cord impingement at C5-C6; (v) Thecal sac impingement of the lumbar spine; (vi) Chronic facetogenic arthropathy to the cervical and lumbar spine and; Chronic posttraumatic headaches.

37. Due to Respondent's negligence, Mr. Velazquez has experienced changes in his routine life. He can no longer perform the same tasks he did before the accident, due to the constant pain he suffers in his back and neck.

38. In addition to his current physical limitations, he has undergone extreme suffering and mental anguish, as he is unable enjoy the usual activities with his two children as he used to prior to the accident on July 4th, 2022.

39. Among other emotional shatterings, Mr. Velazquez's offspring worry their father will not regain his previous physical strength causing them extreme emotional distress and mental anguish; thus, they entitled to compensatory relief as a result of Mr. Velazquez own suffering and mental anguish for the amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00).

40. Due to the above-mentioned physical x-ray and MRI findings, and pursuant to the AMA Guidelines Pertaining to Permanent Physical Impairment, that were used by Mr. Velazquez's physician, it has been extrapolated that Plaintiff No. 3 was left with a 10% permanent impairment to the body functions as a whole. As to this day, Plaintiff's medical bills have accumulated an outstanding amount of $12,350.00.

41. In accordance with the aforementioned facts, Mr. Velazquez is entitled to compensatory relief according to proof, and to a declaratory judgment that Co-Defendants are liable for Mr. Rivera-Coppin's breach of his duty to Plaintiff, caused by his own negligence and clear disregard of his passengers while operating a motor vehicle in contravention of Puerto Rico law for the amount of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00), in addition to medical and attorney's fees.

**Plaintiff No. 4, Mr. Ronsano:**

42. As a direct result from the motor vehicle accident, Mr. Ronsano, 43-year-old male, experiences severe dorsolumbar spine pain with associated left lower extremity numbness as a result of a car accident he sustained while visiting Puerto Rico.

43. After the vehicular collision on July 4, 2022, Plaintiff No. 4 incurred in necessary medical treatment at the Hialeah Wellness & Rehabilitation Center and has undergone numerous vigorous medical examinations such as physical therapy, x-rays, and MRI of the lumbar spine under the direct care of Dr. Schmer.

44. From Mr. Ronsano's medical records, his medical condition after the accident appears to be as follows: (i) Chronic musculoligamentstous sprain and strain to the thoracolumbar spine; (ii) disc herniation at L4-L5 and disc displacement at L5-S1; (iii) Chronic facetogenic arthropathy to the lumbar spine and; (iv) Chronic myofasciitis secondary to a chronic musculoligamentous sprain and strain.

45. Due to Mr. Rivera-Coppin's negligence, Mr. Ronsano has experienced changes to his normal life. Specifically, he can no longer perform the same tasks due to the constant back pain.

46. In addition to his current physical limitations, it he has undergone extreme suffering and mental anguish as he is unable enjoy the usual activities as he used to prior to the accident on July 4th, 2022.

47. As a direct and proximate result of accident, Plaintiff No. 4 has sustained and will continue to sustain severe physical pain, loss of consortium, emotional distress, and consequential damages that will forever affect his life.

48. Mr. Ronsano's has been adviced to continue with gentle therapeutic stretching and exercises in addition to applications of moist heat and ice to remedy the

11

acute pain and discomfort as a result of July 4th, 2022 vehicular collision. As to this day, Plaintiff's medical bills have accumulated an outstanding amount of $11,425.00.

49. In accordance with the above, Mr. Ronsano is entitled to compensatory relief according to proof, and to a declaratory judgment that Co-Defendants are liable for Mr. Rivera-Coppin's breach of his duty to Plaintiff, caused by his own negligence and clear disregard of his passengers while operating a motor vehicle in contravention of Puerto Rico law for the amount of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00), in addition to medical and attorney's fees.

### IV. PLAINTIFFS DAMAGES

50. The monetary damages suffered by Plaintiffs, Mrs. Pino, Mr. Elbusafi, Mr. Velazquez and Mr. Ronsano include, but are not limited to bodily and physical injury, pain and sufferings, mental anguish, psychological and emotional distress, loss of enjoyment of life, loss of enjoyment of activities to which she was accustomed, and expenses, among others, all of which are the direct consequences of Defendant's negligence, are conservatively estimated as follows:

   a) Plaintiff **LILIAN PINO,** an amount in excess of **TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)**
   b) Plaintiff **RHADI ELBUSAFI**, an amount in excess of **TWOHUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)**
   c) Plaintiff **KEVIN VELAZQUEZ**, an amount in excess of **TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)** plus and amount in excess of **TWENTY-FIVE THOUSAND ($25,000.00)** for each offspring as a result of Mr. Velazquez suffering
   d) Plaintiff **SEBASTIAN RONSANO**, an amount in excess of **TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)**

## V. JOINT AND SEVERAL LIABILITIES

51. In accordance with the laws of the Commonwealth of Puerto Rico, as joint tortfeasors, Defendant's insurance carrier must be held severally liable for all of the damages alleged in this Complaint. All Defendants above-described acts or omissions constitute a tort pursuant to Article 1536 as prescribed in the Puerto Rico Civil Code. P.R. Laws ANN. tit. 31, § 10801 (2022) and/or result in contractual liability for the referred amounts.

## VI. PREJUDMENT INTEREST, ATTORNEY FEES AND COST

52. In the event that the Defendants deny their negligence or liability in the occurrence of the events or damages caused to Plaintiffs, by assuming such reckless conduct, Plaintiffs are entitled to prejudgment interest to be computed over the amount recovered through this Complaint, as well as a reasonable amount of attorney's fees, as permitted by law.

## VII. TRIAL BY JURY

53. Plaintiffs demand that the instant action be tried before a jury.

## VIII. RELIEF

**WHEREFORE,** Plaintiff respectfully requests from this Honorable Court a judgment against Co-Defendants, severally for the damages sustained by Plaintiffs, as well as the award of costs, attorney's fees, interests, and any other relief allowed in law and/or equity that this Honorable Court might deem proper and just, regardless of whether said remedy was claimed or not.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 3d of July 2023.

*S/*ALEJANDRO J VARGAS-PEREZ-CISNEROS
USDC NO. 308412
Attorney for Plaintiffs
159 Calle Cola de Pescado
Guaynabo, PR  00969
Mobile: (939) 640-0007
e-mail: vargasa03@gmail.com

s/EMILIO F. SOLER
USDC NO. 205914p
Attorney for Plaintiffs
Cobian's Plaza Bldg.
Suite 209
1607 Ponce de León Av.
San Juan, Puerto Rico 00909
Mobile: (787) 533-5343
e-mail: easmfsr@gmail.com